FILED
SUPERIOR COURT
OF GUAM

2020 OCT 29 PM 5: 34

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| MELISSA P. CAMACHO, | ) | CIVIL CASE NO. CV0046-20 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER GRANTING |
| F. RANDALL CUNLIFFE, as Trustee | ) | LEAVE TO FILE OPPOSITION |
| of Pedro R. Pangelinan Trust, also known | ) | TO DEFENDANT'S PARTIAL |
| as the DONGO TRUST and DOES 1-5, | ) | MOTION TO DISMISS |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

This matter comes before the Honorable Maria T. Cenzon on Plaintiff Melissa P. Camacho's Motion for Leave of Court to File Opposition and Memorandum of Authorities In Support Thereof (the "Motion") filed with the court on July 30, 2020. Plaintiff is represented by Attorney Rachel Taimanao-Ayuyu. Defendants F. Randall Cunliffe and DOES 1-5 (the "Defendants") are represented by the law firm of Razzano Walsh & Torres. Defendants' Partial Motion to Dismiss Second, Fifth, Sixth and Seventh Causes of Action of Plaintiff's Verified Complaint (hereafter "Defendants' Partial Motion to Dismiss") is pending before this court and was filed on March 17, 2020. Plaintiff seeks leave to file an Opposition to the Partial Motion to Dismiss on the grounds that the several Administrative Orders of the Guam Supreme Court relating to the operation of the courts during the declaration of a public health emergency "tolled time for non-exigent cases such as the above-captioned case during the public health emergency, and postposed [sic] civil matters like motion hearings pending further order of the

applicable court." *Mot.* at 2 (citing to Supreme Court of Guam Administrative Order No. ADM20-260 (June 3, 2020)). The pleadings on Plaintiff's Motion have closed since October 19, 2020, and no opposition to the Motion has been filed with the court as of the filing of this Decision and Order.[1] Having reviewed the Motion, the accompanying points and authorities in support thereof, the record on file in this matter and the relevant legal authority, the court hereby GRANTS Plaintiff's Motion.

## DISCUSSION

Plaintiff seeks leave of this court to file an Opposition to Defendants' Partial Motion to Dismiss and cites her failure to timely do so upon the Supreme Court of Guam's tolling of filing deadlines set forth in Administrative Order No. ADM20-260 (June 3, 2020). *Mot.* at p. 2. Additionally, Plaintiff indicates that she was awaiting an updated or continued briefing schedule for Defendant's motion, which this court never issued. *Id.* Plaintiff's Motion misunderstands the edict set forth in Administrative Order No. ADM20-260 as well as all previously and subsequently issued Administrative Orders (a misapprehension which is not necessarily incongruous based on the novelty of the current pandemic). As such, the court finds it necessary to discuss in detail the impact of the Administrative Order, and all of them, and the moving timelines as they appear to affect the parties' rights and obligations.

The Plaintiff cites to Administrative Order No. ADM20-260 as the basis for her motion; therefore, the court begins its analysis here. Paragraph 15 states as follows: "15. With the exception of the filing of indictments, all filing deadlines—including statutory filing deadlines—shall be tolled from March 27, 2020, until June 29, 2020, *unless otherwise*

---

[1] Although the original deadline to file an opposition to Plaintiff's Motion was set at August 26, 2020, pursuant to CVR 7.1 FORM 1, it was tolled until October 19. See Administrative Order of the Court ¶ 17 ("With the exception of the filing of indictments, all filing deadlines —including statutory filing deadlines – shall be tolled from August

*specifically ordered by the applicable court.* Any court filing due during this period shall be deemed timely filed if filed on June 29, 2020." *Id.* (emphasis added). As discussed herein, Plaintiff did not file an Opposition by June 29, 2020.

As the Plaintiff proffers in her Motion, "[t]here has been no updated or continued briefing schedule for Defendant's pending motion for partial dismissal. Instead, on or about July 29, 2020, the court issued CVR 7.1 Form 3 which notices that the court has determined that oral arguments are necessary." *Mot. at 2.* The court is mindful of the various Administrative Orders which have been issued by the Guam Supreme Court during the course of the public health emergency both tolling and extending various filing deadlines during the relevant time period of the pendency of Defendant's Motion to Dismiss. However, the briefing schedule for Defendant's Partial Motion to Dismiss provided the following deadlines: Opening Brief Due: March 17, 2020; *Opposition Brief* due: April 14, 2020; Reply Brief (if any) due: April 28, 2020. *CVR 7.1 Form 1* (March 17, 2020)(emphasis added).[2]

Relative to the submission of any Opposition to the Defendants' Partial Motion to Dismiss, the court agrees that the original filing deadlines were tolled as follows: Supreme Court of Guam Administrative Order ADM20-220, "RELATIVE TO EXTENDING THE CLOSURE OF NON-ESSENTIAL COURT OPERATIONS AND TOLLING TIME LIMITATIONS UNDER EXIGENT CIRCUMSTANCES RELATED TO COVID-19 (CORONAVIRUS)(April 10, 2020) tolled the Opposition brief due date from April 14, 2020 until **May 6, 2020**. Paragraph 3 of ADM20-2020 provided as follows: "Effective from the date of this order [April 10, 2020] until May 6, 2020, all filing deadlines – including statutory filing

---

16, 2020, until October 19, 2020, unless otherwise specifically ordered by the applicable court. Any court filing due during this period shall be deemed timely filed if filed on October 19, 2020.")

deadlines – shall be tolled. Any court filing due during this period shall be deemed timely filed if filed when the court opens for regular business on **May 6, 2020**." *Id.* (emphasis added). Subsequently, Administrative Order No. ADM20-239 extended the deadline for filing the Opposition once again to **June 5, 2020**. Supreme Court of Guam Administrative Order No. ADM20-239 at ¶14 (May 4, 2020). Finally, during the relevant time period, Administrative Order No. ADM20-260 <u>and</u> Administrative Order No. ADM20-361 extended the filing deadline for Plaintiff's Opposition *once again* to **June 29, 2020**.[3] This, however, was the final deadline by which the Opposition was to be filed under the various applicable administrative orders.

By the plain language of the administrative orders, neither the court nor the parties were to take any further action to extend filing deadlines, *unless* the court desired to order a specific deadline notwithstanding the automatic extensions granted by the Guam Supreme Court. In any event, the Plaintiff did not file an opposition to Defendant's Partial Motion to Dismiss by the final administratively revised deadline of June 29, 2020, or on any date thereafter. Consequently, consistent with the applicable Administrative Orders in effect on July 29, 2020, all tolling periods had expired and the court issued CVR 7.1 Form 3 indicating that oral arguments were unnecessary. *CVR 7.1 Form 3* (July 29, 2020).[4] In obvious response to the

---

[2] Under pre-pandemic conditions, the deadlines respecting motions practice are set forth in CVR7.1 of the Local Rules of the Superior Court. Oppositions to motions may be filed by the opposing party within **twenty-eight (28)** days from the filing of the petition. CVR7.1 (d)(1).

[3] Supreme Court of Guam Administrative Order No. ADM20-260 at ¶15 (June 3, 2020); Supreme Court of Guam Administrative Order No. ADM20-361 "RE: THIRD UPDATED ORDER RELATIVE TO COURT OPERATIONS UNDER EXIGENT CIRCUMSTANCES RELATED TO COVID-19 (CORONAVIRUS)"(July 2, 2020).

[4] The next time the Guam Supreme Court issued an administrative order tolling any filing deadlines was on August 14, 2020, covering the period from **August 16, 2020 until August 31, 2020**. However, Plaintiff's deadline to file an Opposition was not covered by this Administrative Order because the tolling period had expired as of June 29, 2020. Supreme Court of Guam Administrative Order No. ADM20-392, "RE: FOURTH UPDATED ORDER RELATIVE TO COURT OPERATIONS UNDER EXIGENT CIRCUMSTANCES RELATED TO COVID-19 (CORONAVIRUS)" ¶ 13 (August 14, 2020).

court's issuance of CVR 7.1 Form 3 late in the afternoon on July 29, 2020, Plaintiff's e-filed the instant Motion at 6:07 p.m. on the same date, July 29, 2020.[5]

Rather than responding by the deadlines as set forth in the applicable administrative orders, including ADM20-260 on which she relies, the Plaintiff "patiently waited for a status hearing on the pending deadlines or an updated briefing schedule in this civil case." However, as discussed, the court was required to issue a specific scheduling order *only if* it set a date *different from that which was set by the Guam Supreme Court.* Finding no good cause to do so, the court simply followed the deadlines set in the various administrative orders.

The court is keenly aware that tracking moving deadlines set forth in the numerous administrative orders poses some challenge; however, it is also important to note that despite the changing deadlines in each of the eleven orders issued by the Guam Supreme Court relative to operations of the court, it is clear that the court remained open for the purpose of filing. The following language is contained in each and every administrative order issued during the course of this public health emergency:

> Under Guam law and court rules, the court is deemed always open for filing any proper paper, issuing and returning process, making a motion, and entering an order. *See 8 GCA §1.31; Guam R. Civ. P. 77(a); Guam R. App.P. 31(a)(2).* Instead of in-person contact, filings will be accepted by the following methods:
> a.    E-filing
> b.    If e-filing is unavailable, pleadings may be filed by email to the respective Cler's Office: efile@guamcourts.org for superior Court filings and efile@guamsupremecourt.com for Supreme Court filings.
> c.    Facsimile
> d.    Postal mail
> e.    Designated drop boxes at the Judiciary[6]

---

[5] Electronic filing dated July 29, 2020 at 6:07 p.m., E-filing the Motion for Leave of Court to File Opposition and Memorandum of Authorities In Support Thereof; CVR 7.1. Form 1, CVR7.1 Form 2 and CVR7.1 Form 3. The electronically filed documents were stamp filed on July 30, 2020.

[6] In Administrative Order No. ADM20-260 (June 3, 2020), this language is found in Paragraph 16. In the very first administrative order, Administrative Order No. ADM20-210, it is contained in Paragraph 5 (March 16, 2020).

It is noteworthy that Defendants' Partial Motion to Dismiss was e-filed on the first day of the first shut down on March 17, 2020, following the Guam Supreme Court Administrative Order No. ADM20-201 (March 15, 2020). *See* ADM20-201 at ¶ 5 (court deemed always open for filing any proper paper). This establishes that even with the physical closure of the court building, e-filing was available. Thus, notwithstanding the multiple extensions of time granted by the Guam Supreme Court during the course of the pandemic, the court was always open to receive the Plaintiff's filing. But for the Plaintiff's obvious mistake that the court was required to take some action other than the action already taken by the Guam Supreme Court automatically extending the deadlines, the Plaintiff should have filed its Opposition by June 29, 2020.

Notwithstanding the above and considering the court's obligation to consider the merits of a motion despite a failure of opposing party to file an opposition brief, as well as the additional factor that the Defendants have not filed any opposition (or any statement of non-opposition) within the extended deadline of October 19, 2020 as set forth in the Administrative Order No. ADM20-413 RE: ELEVENTH UPDATED ORDER RELATIVE TO COURT OPERATIONS UNDER EXIGENT CIRCUMSTANCE RELATED TO COVD-19 (CORONAVIRUS)(Oct. 9, 2020), the court finds good cause to grant Plaintiff's Motion for Leave to file and Opposition to Defendants' Partial Motion to Dismiss.

This court often cites to its obligation to decide a motion on its merits even in the face of a non-opposition (whether clearly set forth in a written non-opposition or implied by a failure to file a written opposition), as articulated in *Quitugua v. Flores*, 2004 Guam 19 at ¶24. It is important that *Quitugua does not* require courts to grant leave to a party that fails in its obligation of diligence. On the contrary, in *Quitugua*, the Guam Supreme Court affirmed the

trial court's dismissal for failure to prosecute because it was clear on the record that the trial court applied the appropriate analysis and based its decision on a consideration of the applicable law, even without a filed opposition. In so finding, the Supreme Court reasoned: "The court may have interpreted the failure to file an opposition as additional evidence of Quitugua's pattern of dilatoriness and inactivity, but the conclusion that dismissal was proper was based on the merits of the motion, not simply Quitugua's failure to file an opposition to the motion." *Id.* at ¶ 28. Plaintiff here incorrectly assumes that by indicating that oral argument is unnecessary, that this court would simply grant Defendant's motion without considering its underlying merits, as the court recognizes its duty to analyze applicable law in the context of the facts before it, even if opposing counsel failed to do so.[7]

The court, however, deems that it is preferable and within its discretion to permit Plaintiff to file an Opposition as requested in its instant Motion. This decision is based not on Defendants' failure to file an opposition within the extended deadline (because the court must still determine the instant motion on the merits, which it has done herein), but to permit Plaintiff to articulate points and legal authorities in support of an anticipated request to deny the Defendants' motion. In this way, the court may conduct an analysis of the law rather than serve as a sort of "*ad hoc* advocate" for the non-moving party, as it researches both supporting and contrary legal authority on the issue and applies it in the context of the facts before it.

//

//

////

---

[7] The Local Rules of the Superior Court have been modified since the Guam Supreme Court issued its decision in *Quitugua*; however, the principles underlying the court's duty to conduct an analysis of an unopposed motion are sound.

Based on the court's ruling herein, Plaintiff is ORDERED to file an Opposition to Defendants' Partial Motion by November 13, 2020. Defendant may file its Reply by November 20, 2020. The court shall determine whether oral argument is necessary following the closing of the pleadings on Defendants' Motion.

**SO ORDERED** this 29th day of October, 2020.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam